UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. SWEET,

        Petitioner,        Case No. 1:07-cv-276

v.        Honorable Gordon J. Quist

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

  I.  Factual allegations

  Petitioner is incarcerated in the Florence Crane Correction Facility. He was convicted in the St. Clair County Circuit Court of third-degree criminal sexual conduct. On September 30, 2004, the trial court sentenced him to imprisonment of two to fifteen years. The Michigan Court of Appeals affirmed his conviction in an unpublished opinion issued on April 18, 2006. The Michigan Supreme Court denied his application for leave to appeal on September 29, 2006.

  Petitioner filed the instant habeas action on or about April 10, 2007. The Court issued an order requiring Petitioner to file an amended petition on the form provided by the Court. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a). Petitioner timely filed an amended petition on the form (docket #5). Petitioner raises three grounds for habeas corpus relief: (1) trial counsel was ineffective for failing to pursue an alibi defense; (2) Petitioner's right to due process and equal protection were violated when Petitioner "consistently maintained actual innocence, and based up the error of Counsel and the Trial Court was not allowed to present a perfect Defense based on a provable alibi" (Pet., 7); and (3) Petitioner was denied a fair trial as a result of the cumulative effect of the error by defense counsel, the prosecutor, the trial court and appellate counsel.

  II.  Exhaustion of State Court Remedies

  Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the petition and supporting exhibits, Petitioner raised only his claim of ineffective assistance of trial counsel (Ground I) on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court. He does not allege or show that he properly raised his remaining two habeas claims in the state courts. Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner may raise his unexhausted claims in a motion for relief from judgment.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509

(1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).[1]

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on September 26, 2006. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 26, 2006. Accordingly, Petitioner has one year, until December 26, 2007, in which to file his habeas petition. Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claim.

## Conclusion

In light of the foregoing, the Court will dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust his state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: June 26, 2007   /s/ Gordon J. Quist
                                                          Gordon J. Quist
                                                          United States District Judge